IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

APR - 3 2003

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| TERRY SHIFLET and DEBRA SHIFLET, | § § | |
| Plaintiffs, | § § | |
| | § | NO. V-03-10 |
| v. | § § | JURY DEMANDED |
| | § | |
| CUERO COMMUNITY HOSPITAL | § § | |
| Defendants. | § § | |

### PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, **TERRY SHIFLET** and **DEBRA SHIFLET**, Plaintiffs in the above-styled and numbered cause, and complain of Cuero Community Hospital and for cause of action would respectfully show unto the Court as follows:

There is currently pending in this District and Division a related lawsuit arising out of the same transaction or event or series of transactions or events, styled and numbered Terry Shiflet and Debra Shiflet, Plaintiffs v. Richard A. Sawyers, M.D., et al, Defendants; Civil Action No. V-02-00032.

**1.00 PARTIES**

1.01 Defendant, Cuero Community Hospital, is a hospital licensed to provide healthcare in the State of Texas located at 2550 North Esplanade, Cuero, Texas 77954. Defendant has agreed to file an answer to this complaint and issuance and service of process will not be necessary.

**2.00    STATUTORY NOTICE**

Defendant has agreed to file an answer to this complaint and has waived the notice requirements of Tex. Rev. Civ. Stat. Ann. art. 4590i § 4.01(Vernon Supp. 2002).

**3.00    JURISDICTION AND VENUE**

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between the Plaintiffs, who are citizens of the State of Louisiana and the Defendant that is doing business in the State of Texas. This Court has personal jurisdiction over the Defendant, as the Defendant's principal place of business is DeWitt County in the State of Texas. Venue is appropriate in this District under 28 U.S.C. § 1391(a), as a substantial part of the events or omissions giving rise to this claim occurred in the judicial district.

**4.00    STATUS OF PARTIES AND DUTIES**

4.01    At all times pertinent hereto, Defendant, Cuero Community Hospital, was a hospital licensed in the State of Texas to provide healthcare to the public at large.

**5.00    STATEMENT OF FACTS**

5.01    On or about December 26, 2000, Terry Shiflet was brought to the Cuero Community Hospital by ambulance at 7:16 a.m. reporting that he had had scant urine output since December 25, 2000 at 4:00 p.m., radiating pain down both legs with numbness and tingling, and constipation. Emergency department nurses provided care and treatment to Terry Shiflet in the emergency department at Cuero Community Hospital. Daniel Dugi M.D. was Mr. Shiflet's family practice physician and had been treating Mr. Shiflet's back pain over the last two years. Dr.

Dugi was called to the Cuero Community Hospital to see his patient, Mr. Shiflet, in the emergency department. At that time, he ordered 50 mg of Demerol and Vistaril for Mr. Shiflet.

5.02 Dr. Dugi arrived in the emergency department at 7:40 p.m. to render care and treatment to Mr. Shiflet. Mr. Shiflet appears to have also been seen by Physician Assistant, Bli Ray Marston in the emergency department at that time. A foley catheter was inserted and 800 cc's of urine was obtained while an additional 500 cc's drained into the bag shortly thereafter. Dr. Dugi diagnosed Mr. Shiflet with an acute decompensated herniated disc and bladder spasm. He ordered Phenergan and Demerol for Mr. Shiflet and admitted him to the hospital. During this hospitalization, Dr. Dugi treated Mr. Shiflet with intravenous Demerol and Solu Medrol. On 12/27/00, Mr. Shiflet underwent an MRI that showed the same abnormalities at L3-4 as a previous MRI on 12/9/00, but with possible increased herniation at L4-5. The radiologist recommended that a better quality MRI be performed on a fixed unit.

5.03 On December 27, 2000, Dr. Dugi consulted with Neurologist Richard Sawyers, M.D., who had also previously treated Mr. Shiflet, regarding Mr. Shiflet's current condition. Dr. Sawyers did not come to the hospital to evaluate Mr. Shiflet. Instead, Mr. Shiflet left the hospital to have an EMG nerve conduction velocity test performed on December 29, 2000 at Dr. Sawyers' office and returned to the hospital following the appointment. During his hospitalization, Mr. Shiflet's condition continued to deteriorate. He experienced both bowel and bladder dysfunction.

5.04 Another MRI as recommended by the radiologist was finally performed on January 2, 2001 at HealthSouth Diagnostic Center of Victoria. The next day, Mr. Shiflet was transferred to the care of a neurosurgeon at Citizen's Medical Center in Victoria where he was diagnosed with cauda equina syndrome. There, Mr. Shiflet underwent decompressive laminectomies

with fusions on January 9, 2001, following treatment of a urinary tract infection.

5.05    Mr. Shiflet was released from Citizen's Medical Center on January 17, 2001 and transferred to Warm Springs Rehabilitation Hospital where he stayed until January 25, 2001. As a result of a delay in diagnosis and treatment, Mr. Shiflet now suffers from bowel, bladder and sexual dysfunction as well as lower extremity weakness and saddle anesthesia.

**6.00    CLAIMS FOR RELIEF**

Cuero Community Hospital.

6.01    Cuero Community Hospital during Terry Shiflet's admission to the hospital, committed acts and/or omissions which constituted negligence as that term is defined by law including, but not limited to, the following:

   a.   Failure to provide adequate policies and procedures to guide Emergency Room staff in the detection and treatment of cauda equina syndrome;

   b.   Failure to properly staff the Emergency Room Department with an Emergency Room physician on-site twenty-four hours a day;

   c.   Failure to have a fixed MRI machine on site with competent staff for its operation; and,

   d.   Failure to have a neurosurgeon on staff at the hospital.

6.02    Each and all of the foregoing acts and omissions of the above-named individual, singularly or in combination, were a proximate cause of the injuries and damages incurred by Plaintiffs.

**7.00    DAMAGES**

7.01    As a direct and proximate result of the negligent acts and/or omissions of Defendant, as set out above, Terry Shiflet permanent bladder and bowel dysfunction, lower extremity weakness, and sexual dysfunction. Terry Shiflet has incurred extensive medical expenses in

the past, and in reasonable probability, will continue to incur medical expenses until his death. Plaintiff, Terry Shiflet, has suffered disfigurement in the past and will continue to suffer disfigurement for the balance of his natural life. Plaintiff, Terry Shiflet, has been caused to suffer great physical pain and suffering and mental pain and anguish in the past and in reasonable probability will continue to suffer the same for the balance of his natural life. Terry Shiflet has also suffered lost wages as well as loss of earning capacity and in reasonable probability continues to suffer the same for the balance of his natural life. Terry Shiflet has suffered great mental anguish, sorrow, and grief in the past and there is a reasonable probability that he will continue to suffer into the future. Further, Terry Shiflet has suffered loss of enjoyment of life and will in all probability continue to suffer such loss for the balance of his natural life.

7.02     Plaintiff, Terry Shiflet, believes and alleges that he has been greatly injured and damaged in an amount within the jurisdictional limits of this Court for which he now pleads against Defendant.

7.03     Plaintiff, Debra Shiflet, has suffered damages consisting of severe emotional distress and mental anguish, both past and future; grief; loss of the companionship and society of her husband, Terry Shiflet, both past and future; all of which are within the jurisdictional limits of this Court, for which Plaintiffs now plead against Defendant.

**8.00    JURY DEMAND**

Plaintiffs demand trial by jury.

**9.00    RELIEF**

Accordingly, Plaintiffs pray that the Defendant be cited to appear and answer herein, and that, upon final hearing of this cause, Plaintiffs have judgment of and from the Defendant as

follows:

    a.    Judgment against Defendant on the actual damages;

    b.    Pre-judgment interest as provided by law against Defendant;

    c.    Post judgment interest as provided by law; and

    d.    Costs of suit.

Respectfully submitted,

MORGAN & WEISBROD
11551 Forest Central Drive, Suite 300
Dallas, Texas 75243
(214) 373-3761 – Office
(214) 739-4732 – Fax

By: _Spencer Markle_ (by permission 078L800)
Les Weisbrod
State Bar No. 21104900
Spencer Markle
State Bar No. 12989200
William A. Newman
State Bar No. 14967990

**William R. Edwards**
State Bar No. 06465000
THE EDWARDS LAW FIRM
802 North Carancahua Street, 14th and 21st Floor
Corpus Christi, Texas 78470
(361) 698-7600 – Office
(361) 698-7614 – Fax

1802-044/#237204

6